MITCHELL, D. B. A. SUPERIOR CONSTRUCTION CO., APPELLANT, v.
REESE, D. B. A. REESE & SONS CONSTRUCTION CO., APPELLEE.

(No. 5574—Decided May 15, 1957.)

*Messrs. Knepper, White, Richards, Miller & Roberts* and
*Mr. Milton S. Bartholomew,* for appellant.
*Mr. John L. Francis,* for appellee.

BRYANT, J.  The sole question in this case is whether the
Municipal Court committed reversible error when it vacated and
set aside a default judgment previously entered.  A brief state-
ment as to the steps taken in the court below is needed.

On December 20, 1955, Joseph Mitchell, doing business as
Superior Construction Company, filed a petition on account in
short form, with copy of the account attached, seeking judg-
ment for $865, plus interest.  Summons was issued, fixing an-
swer date as January 23, 1956, upon which a return was made
showing service by mailing a copy to the residence of the de-
fendant, Gene Reese, doing business as Reese & Sons Construc-
tion Company.

On January 23, 1956, defendant filed a motion for an order
requiring plaintiff to make his petition definite and certain and
filed a memorandum in support thereof.  On January 30, 1956,
plaintiff filed a brief opposing the motion.

On January 31, 1956, the motion was sustained, and plain-
tiff was given leave to plead further on or before February 11,
1956.  On February 10, 1956, an amended petition was filed.
There is no record of any further step or action of any kind or

character until April 3, 1956, when, according to the record, "case called, defendant not appearing," and "default judgment for plaintiff $865 and also interest and cost of suit."

The record does not show it, but defendant claims that plaintiff also was not there when the case was called. Perhaps if plaintiff had been there the court below would have examined the file with greater care. The fact is that the amended petition made a slight reduction in the money judgment asked. The original petition asked for $865, with interest, whereas the amended petition asks for $857, with interest.

It may be said that the difference is not large, but the fact remains that an important principle is involved. We have here a judgment rendered on a petition which was abandoned by plaintiff when he filed his amended petition. The judgment is utterly void for two reasons.

The trial court had ordered the original petition amended and an amended petition had been filed, praying for the smaller amount. No judgment can with propriety exceed the amount prayed for. But here was no clerical or typographical error. Here was a judgment correct in amount but based upon the original petition which had been abandoned by plaintiff when he filed the amended petition.

In the case of *Raymond* v. *T., St. L. & K. C. R. R. Co.*, 57 Ohio St., 271, 48 N. E., 1093, the second paragraph of the syllabus is as follows:

"* * * If the amended petition appears to have been filed not by way of addition merely, to the original petition, but appears also to contain a full embodiment of the plaintiff's case, being on its face a statement of an entire cause of action, and, in substance, a substitute for the original, the filing of it by plaintiff will be regarded as implying an abandonment of the case made in the original petition, and as selecting this as the pleading on which he founds his suit, and the only petition which the court is to consider in determining the issues to be tried."

The answer in the present case was not filed until August 10, 1956, hence the provisions of Section 2309.55, Revised Code, apply. This section is as follows:

"At any time before the answer is filed, a plaintiff may

amend his petition without leave or prejudice to the proceedings. *Notice of such amendment shall be served upon the defendant or his attorney.* The defendant shall have the same time to answer or demur thereto as to the original petition.'' (Emphasis added.)

We have searched the record for anything indicating the plaintiff has given formal notice as above provided. We find nothing. The statutory section just above quoted formerly was known as Section 11360, General Code, and prior to that, Section 5111, Revised Statutes, which latter section was considered by the Ohio Supreme Court in 1903. In the case of *Moorman* v. *Schmidt,* 69 Ohio St., 328, 69 N. E., 617, an amendment was filed shortly before answer day, without leave and without notice to the defendant. The matter was heard on the evidence, and plaintiff claimed the evidence cured defects in the petition.

The court held that because no notice of the amendment was served either on the adverse party or his counsel, the amendment was not legally before the court and did not have any standing in the case as a legitimate pleading.

Price, J., in course of the opinion in that case, at page 337, said:

''Section 5111, Revised Statutes, provides: 'That plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceeding; but notice of such amendment shall be served upon the defendant, or his attorney; and the defendant shall have the same time to answer or demur thereto as to the original petition.'

''No notice of the amendment was served upon the plaintiff in error, or his counsel, nor did he at any time, answer or demur, or in any manner appear in the case. No summons issued on the amendment. It never was legally before the court, because it did not become a legitimate pleading. The plaintiff was not entitled to any relief upon it, and its prayer should have been disregarded. It should have been stricken from the files.''

No useful purpose will be served by further discussion. The court below was eminently fair and right, and substantial justice was served when the judgment was set aside and defendant was permitted to answer. All the rights of plaintiff still remain

with him and he still may proceed to obtain judgment if entitled thereto.

The assignment of error is not well taken and is hereby overruled, and the cause remanded to the Columbus Municipal Court for further proceedings.

*Judgment accordingly.*

PETREE, P. J., and MILLER, J., concur.