[Cite as *Yakov Re, L.L.C. v. Rhodes*, 2014-Ohio-2025.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| YAKOV RE, LLC, | : | APPEAL NO. C-130349 |
| | | TRIAL NO. A-1206833 |
| FLYNN LAND II, LLC, | : | |
| | | *O P I N I O N.* |
| and | : | |
| JOHN DOES, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| DUSTY RHODES, HAMILTON COUNTY, OHIO AUDITOR, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 14, 2014

*Cohen, Todd, Kite and Stanford, LLC, John L. O'Shea, Jill T. O'Shea, Robert S. Rubin* and *Joseph M. Hutson*, for Plaintiffs-Appellants,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Pamela J. Sears* and *Thomas J. Scheve*, Assistant Prosecuting Attorneys, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

HILDEBRANDT, **Judge.**

{¶1}    Plaintiff-appellants Yakov RE, LLC ("Yakov"), and Flynn Land II, LLC ("Flynn"), appeal the trial court's judgment dismissing their original class-action complaint against defendent-appellee Dusty Rhodes, Hamilton County, Ohio Auditor ("the Auditor").  For the following reasons, we reverse the trial court's judgment.

{¶2}    In 2011, Yakov and Flynn each filed a complaint with the Hamilton County Board of Revision ("the BOR") challenging the value of their real property as determined by the Auditor for the tax-lien date of January 1, 2010.  In each case, the BOR reduced the value of the property for the 2010 tax year.  But the Auditor did not carry over the BOR-adjusted value of the property to the following tax year.  Therefore, in August 2012, Yakov and Flynn, on behalf of themselves and others similarly situated, sued the Auditor alleging that he had, among other things, unconstitutionally discriminated against them and others by failing to carry over the BOR-adjusted value of their properties when the Auditor did so for certain other property owners who had successfully challenged the value of their property for the tax-lien date of January 1, 2010.

{¶3}    In September 2012, the Auditor moved to dismiss the complaint for failing to state a claim upon which relief could be granted and for failing to include indispensible parties to the action.  A hearing on the motion was held on December 17, 2012.  On December 31, 2012, Flynn and Yakov filed an amended complaint adding three additional named plaintiffs, two additional defendants and additional state-law claims.  Eventually, in May 2013, the trial court dismissed the original

complaint for failure to state a claim upon which relief could be granted. This appeal followed.

{¶4} In their first assignment of error, Yakov and Flynn contend that the trial court erred by dismissing their original complaint even though an amended complaint had been filed five months earlier and the Auditor had filed an answer to that amended complaint. We agree.

{¶5} We begin our analysis by determining whether Yakov and Flynn properly filed an amended complaint. We hold that they did. Former Civ.R. 15(A), in effect at the time Yakov and Flynn filed their amended complaint, provided that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served[;] * * * [o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party." Here, the Auditor had not filed a responsive pleading prior to Yakov and Flynn amending their complaint in December 2012. Although the Auditor had filed a motion to dismiss the original complaint, a "motion to dismiss" is not considered a responsive pleading. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549, 605 N.E.2d 378 (1992); Civ.R. 7. Thus, there was a properly amended complaint before the court.

{¶6} It is well settled that an amended pleading supersedes the original pleading. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶ 32 (10th Dist.), citing *Carlock v. Coleman*, 7th Dist. Mahoning No. 89 C.A. 121, 1990 Ohio App. LEXIS 3625 (Aug. 22, 1990) (" 'it is hornbook law that an amended pleading supersedes the original, the later being [treated] thereafter as nonexistent.' "). Thus, at the time the trial court entered its judgment dismissing the

original complaint, five months after the amended complaint had been filed, the original complaint was nonexistent. In effect, the judgment was a nullity. The trial court could have considered the motion to dismiss in light of the amended complaint, but it did not do so. Therefore, we remand this matter to the trial court to consider the pleadings actually before it in light of any outstanding motions or new motions brought by either party.

{¶7} The first assignment of error is sustained. Because the resolution of the first assignment determines this appeal, the remaining four assignments of error are rendered moot and we decline to address them. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

CUNNINGHAM, **P.J.,** and **Hendon, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.