[Cite as *West v. McGrath*, 2014-Ohio-4096.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101251**

---

## TIMOTHY WEST

PLAINTIFF-APPELLANT

vs.

## MICHAEL MCGRATH

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-818707

**BEFORE:**   S. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   September 18, 2014

**FOR APPELLANT**

Timothy West, pro se
#604-876
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
By: Linda M. Applebaum
Assistant Director of Law
City of Cleveland
Room 106
601 Lakeside Avenue
Cleveland, OH    44114

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Appellant Timothy West appeals the judgment of the Cuyahoga County Court of Common Pleas that dismissed the case with prejudice pursuant to Civ.R. 12(B)(6). For the reasons stated herein, we affirm.

{¶3} In September 2011, West was convicted of various drug-related offenses in *State v. West*, Cuyahoga C.P. No. CR-11-548609-B (Sept. 26, 2011). A forfeiture order was issued with regard to certain property that was seized in relation to the criminal investigation. On appeal, this court found no error with regard to the forfeiture of his automobile; however, the forfeiture order was reversed with regard to $1,313 that had been seized from West's residence. *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96, ¶ 36, 41. The case was remanded for the merger of allied offenses and the state's election of which count to proceed with on resentencing. *Id*. at ¶ 46.

{¶4} On December 13, 2013, appellant filed the complaint in this action against Michael McGrath, as chief of police of the city of Cleveland.[1] The city of Cleveland was not named as a defendant in the action. In his complaint, West sought to recover $7,000 as the reasonable market value of a 1995 Buick Century and HVAC tools that were seized

---

[1] McGrath is no longer the chief of police and he is now the safety director for the city of Cleveland.

in relation to the criminal case. He also sought the return of the $1,313 that was seized from his residence, the forfeiture order for which was reversed in *West*. *West* at ¶ 46.

{¶5} In response to the complaint filed in this action, McGrath filed a motion to dismiss pursuant to Civ.R. 12(B)(6). McGrath argued that the complaint asserted nothing more than mere negligence against him for wrongfully possessing property, that he is immune from tort liability, and that none of the exceptions to immunity under R.C. 2744.03(A)(6) are applicable. West did not oppose the motion to dismiss. Rather, West filed an amended complaint under which he reasserted similar allegations to those in his original complaint and sought replevin of the cash and the vehicle with HVAC tools, or the cash value thereof. On March 13, 2014, the trial court ruled that McGrath's motion was unopposed and granted. The court dismissed the case with prejudice. This appeal followed.

{¶6} Under his first assignment of error, West claims that there is no final appealable order because his amended complaint superseded the original complaint and the dismissal order was against the original complaint. Our review reflects that there is a final appealable order because the trial court dismissed the entire case with prejudice.

{¶7} Under his second assignment of error, appellant claims that the trial court prematurely dismissed the complaint before the time expired to amend the complaint of right. Insofar as the amended complaint reasserted similar allegations to the original complaint, we find any error by the trial court in failing to consider the amended

complaint was harmless. West did not name the city of Cleveland as a party and did not challenge McGrath's assertion of immunity from tort liability under R.C. 2744.03(A)(6).

{¶8} Further, the forfeiture of the vehicle and West's right to possession of the money are issues that were already decided in the appeal from his criminal case. *See West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96. After the remand of the criminal case, West filed a motion for return of property, requesting a return of the same property at issue in this case. Upon resentencing West in Cuyahoga C.P. No. CR-11-548609-B on July 25, 2014, the court ordered West to forfeit all items in the furthermore specifications, but noted this court's reversal of the forfeiture of the $1,313. The court directed the state to return said amount in the form of a credit to the mandatory $7,500 fine that was imposed upon West, thereby adjusting the mandatory fine to $6,187. We find that this ruling effectively rendered West's claims in this action moot.

{¶9} Accordingly, we find that the trial court did not err in dismissing the complaint.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR