[Cite as *Hudson v. State*, 2018-Ohio-2392.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

CITY OF HUDSON, et al.

    Appellants

    v.

STATE OF OHIO

    Appellee

C.A. No. 28730

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV-2017-03-1103

DECISION AND JOURNAL ENTRY

Dated: June 20, 2018

CALLAHAN, Judge.

{¶1} Appellants, 34 northeast Ohio municipalities ("the Municipalities"), appeal from the judgment of the Summit County Common Pleas Court granting summary judgment in favor of Appellee, the State of Ohio ("the State"). For the reasons set forth below, this Court vacates and remands for proceedings consistent with this opinion.

I.

{¶2} Four days before Substitute Senate Bill 331 ("S.B. 331") went into effect, the Municipalities filed an action for declaratory judgment asserting various constitutional challenges to S.B. 331, and injunctive relief to enjoin the operation of all provisions of S.B. 331. Upon the close of the pleadings, the parties agreed to bifurcate the claims and proceed with cross motions for summary judgment on only two of the constitutional arguments.

{¶3} The trial court granted summary judgment in favor of the State and against the Municipalities finding that S.B. 331 did not violate the one-subject rule and, thereby, is

constitutional. The trial court did not enter any ruling regarding the parties' alternative constitutional argument regarding the three-reading rule. Upon the Municipalities' unopposed motion, the trial court added the Civ.R. 54(B) certification to the judgment entry.

{¶4} The Municipalities have timely appealed from this judgment, raising four assignments of error. Additionally, before this Court is an amicus curiae brief in support of the constitutionality of S.B. 331 filed, with leave of this Court, by CITA-The Wireless Association. Further, both the Municipalities and the State have filed multiple notices of supplemental authorities.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT [S.B. 331] DID NOT VIOLATE ARTICLE II, SECTION 15(D) OF THE OHIO CONSTITUTION, COMMONLY REFERRED TO AS THE ONE-SUBJECT RULE.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ESTABLISHED AN ERRONEOUS STANDARD FOR REVIEWING ONE-SUBJECT CHALLENGES.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED WHEN IT REFUSED TO INVALIDATE AND SEVER THOSE PROVISIONS OF S.B. 331 UNRELATED TO THE ORIGINAL SUBJECT OF THE BILL.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED IN CONCLUDING [THE MUNICIPALITIES] FAILED TO ESTABLISH A VIOLATION OF THE ONE-SUBJECT RULE "BEYOND A REASONABLE DOUBT."

{¶5} The Municipalities raise four assignments of error challenging the trial court's determination that S.B. 331 is constitutional. As a preliminary matter, this Court must address the validity of the judgment entry being appealed.

{¶6} Upon review of the record and the judgment entry, this Court issued a show cause order to the parties to address two issues: 1) whether this Court has jurisdiction, and the propriety of the Civ.R. 54(B) certification in the context of judicial economy when there is no judgment against two of the municipalities who asserted the same cause of action, and 2) whether the judgment entry ruling on the first amended complaint is valid when there is a second amended complaint pending. The Municipalities and the State each filed a response to the show cause order. This Court will only address the validity of the judgment entry as it is dispositive in this matter.

{¶7} Both the Municipalities and the State assert that the judgment entry is valid and that this Court should proceed to consider the merits of the appeal. While this Court recognizes the parties' desire to proceed on the merits, this Court cannot review a judgment that is a nullity.

{¶8} In this case there was a complaint, a first amended complaint, and a second amended complaint. Eleven days after filing the original complaint, the Municipalities filed the first amended complaint which added twelve plaintiffs and two causes of action, deleted one cause of action, and modified the relief sought. Upon the consent of the State, the Municipalities filed a second amended complaint which added two more plaintiffs.

{¶9} Upon agreement of the parties, they filed cross motions for summary judgment as to the first and fourth causes of action only. The trial court granted summary judgment in favor of the State and against the Municipalities on the first cause of action, but did not enter any judgment as to the fourth cause of action. The trial court's judgment entry specified four times

that the grant of summary judgment was based upon "Count I of the Plaintiffs' First Amended Complaint" despite the Municipalities properly filing a second amended complaint.

{¶10} The Ohio Supreme Court has stated that "it is elementary law that when a party substitutes an amended petition for an earlier one, this constitutes an abandonment of the earlier pleading and a reliance upon the amended one. The earlier pleading becomes functus officio."[1] (Emphasis deleted.) *State ex rel. Talaba v. Moreland*, 132 Ohio St. 71, 75 (1936). Similarly, this Court has held that "[t]he filing of an amended complaint supplants the original or any prior complaint." *Schaffer v. Huntington Natl. Bank*, 9th Dist. Lorain No. 14CA010574, 2015-Ohio-207, ¶ 5. *See Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 28055, 2017-Ohio-5630, ¶ 13, quoting *Harris v. Ohio Edison Co.*, 7th Dist. Mahoning No. 91 C.A. 108, 1992 Ohio App. LEXIS 4085, *4 (Aug. 3, 1992) ("'An amended complaint takes the place of the original, which is then totally abandoned.'").

{¶11} Because an amended pleading supersedes the original pleading, the latter is treated as being nonexistent. *See Carlock v. Coleman*, 7th Dist. No. 89 C.A. 121, 1990 Ohio App. LEXIS 3625, *5 (Aug. 22, 1990), quoting 75 Ohio Jurisprudence 3d 343, Pleading, Section 469. Thus, the trial court may only consider the latest amended pleading when deciding the issues in the case. *See Mitchell v. Reese*, 105 Ohio App. 40, 41 (10th Dist.1957), quoting *Raymond v. T., St. L. & K.C. RR. Co.*, 57 Ohio St. 271 (1897), paragraph two of the syllabus. *See also Carlock* at *5; *Snyder v. Gleason Constr. Co.*, 6th Dist. Lucas No. L-12-1187, 2013-

---

[1] Functus officio is defined as "[h]aving fulfilled the function * * * or accomplished the purpose, and therefore of no further force or authority. Applied to * * * an instrument, * * * which has fulfilled the purpose of its creation, and is therefore of no further virtue or effect." *Black's Law Dictionary* 606 (5th Ed.1979).

Ohio-1930, ¶ 19-20. When there is an amended pleading, a judgment based on the original pleading is void. *See Mitchell* at 41. *See also Yakov RE, LLC v. Rhodes*, 1st Dist. Hamilton No. C-130349, 2014-Ohio-2025, ¶ 6 (judgment based upon original complaint was a nullity).

{¶12} In their responses to this Court's show cause order, neither of the parties addressed the application of this legal principal to the facts of this case. The State argued that under *Russell*, 2017-Ohio-5630, at ¶ 14, there was no error in the trial court granting summary judgment based upon the first amended complaint, because "the factual allegations and claims for relief between the first and second complaint [were] perfectly identical" and thus, "the trial court [had] 'issued an order disposing of the underlying claims.'" (Emphasis deleted.) Instead of addressing whether the judgment entry was a valid judgment or a nullity as instructed in the show cause order, the State argued why the judgment entry was a final, appealable order. Accordingly, the State's response to this issue was not on point.

{¶13} Similar to the State, the Municipalities asserted that the first cause of action was the same in both the first and second amended complaints. The Municipalities, however, expanded this concept to argue that "[t]he trial court's incorrect reference to the [f]irst [a]mended [c]omplaint [was] harmless and should be disregarded." The Municipalities relied upon *West v. McGrath*, 8th Dist. Cuyahoga No. 101251, 2014-Ohio-4096, in support of the application of harmless error to this case.

{¶14} This Court finds *West* to be distinguishable and unpersuasive. The Eighth District held that it was harmless error for the trial court to rule on the motion to dismiss based upon the complaint instead of the amended complaint because the allegations in the two pleadings were similar and there was no change in the parties. *Id.* at ¶ 7. While the allegations in the first and

second amended complaint in this case are the same, unlike the facts in *West,* the parties are not the same in both pleadings.

**{¶15}** Instead, this Court finds persuasive the position taken by the Tenth and the First Districts that a judgment rendered on an original pleading is void or a nullity when there is an amended pleading pending. *Mitchell*, 105 Ohio App. at 41; *Rhodes*, 2014-Ohio-2025, at ¶ 6. When the Municipalities filed the second amended complaint, they abandoned their first amended complaint. *See Russell*, 2017-Ohio-5630, at ¶ 13, quoting *Harris*, 1992 Ohio App. LEXIS 4085 at *4. Thus, the first amended complaint no longer existed for the trial court's consideration in deciding the cross summary judgment motions. *See Carlock*, 1990 Ohio App. LEXIS 3625 at *5; *Mitchell* at 41. Accordingly, it was error for the trial court to grant summary judgment based upon the Municipalities' first amended complaint and the August 1, 2017 judgment is a nullity. *See Rhodes* at ¶ 6. *See also Snyder*, 2013-Ohio-1930, at ¶ 20.

**{¶16}** In lieu of "declaring the trial court's decision a nullity," the Municipalities requested a limited remand in order to seek a nunc pro tunc order from the trial court pursuant to Civ.R. 60(A). The Municipalities are asking this Court to treat this as a clerical error.

**{¶17}** The Ohio Supreme Court has stated that "[t]he effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Internal citations omitted.) *Romito v. Maxwell*, 10 Ohio St.2d 266, 267 (1967). Based on the foregoing discussion, this Court must proceed as if the August 1, 2017 judgment entry does not exist. *See State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, ¶ 10 (9th Dist.). Thus, it follows that this Court cannot remand a case to the trial court with instructions to

nunc pro tunc a judgment that does not exist.  The Municipalities' motion for limited remand is denied.

{¶18} Even if this Court were to disregard the effect of the void judgment, the Municipalities' request for a limited remand fails because there is not clear and convincing evidence before this Court that there was a clerical error in the judgment entry.

{¶19} Courts have inherent authority to issue nunc pro tunc entries "so that the record speaks the truth," but that authority is limited "to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995). "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18.  This Court has stated that "[t]he power of a court to enter nunc pro tunc orders should be exercised upon evidence which shows 'clearly and convincingly' that such former action was in fact taken." *Ohio Dept. of Commerce v. NCM Plumbing Corp.*, 9th Dist. Summit No. 21878, 2004-Ohio-4322, ¶ 19, quoting *Jacks v. Adamson*, 56 Ohio St. 397 (1897), syllabus. To support the fact that the trial court did take the action and that there was a clerical error, there needs to be "such convincing evidence as to exclude all conjecture." *Jacks* at 404.

{¶20} The Municipalities asserted that "the trial court's reference to the [f]irst [a]mended [c]omplaint [was] a clerical error" and "[t]he trial court inadvertently referenced the incorrect amended complaint in its judgment entry."  The Municipalities, however, provided no factual support from the record to support this position, and instead simply put forth conjecture that there was a clerical error.

**{¶21}** The judgment entry specifically identified on four separate occasions the first amended complaint as the pleading upon which summary judgment was considered and granted. There is nothing contrary in the judgment entry to support the Municipalities' position that the trial court, in fact, based its summary judgment decision on the second amended complaint and "inadvertently referenced" the first amended complaint.

**{¶22}** Further, the docket reflects the Municipalities filed the second amended complaint pursuant to the consent of the State and not upon leave of court. Thus, the trial court was not actively put on notice by the parties of the filing of the second amended complaint. Moreover, neither party identified upon which pleading the summary judgment motions were premised. Based on the foregoing, there was not clear and convincing evidence that "the trial court's reference to the [f]irst [a]mended [c]omplaint [was] a clerical error" to support a limited remand for a nunc pro tunc entry.

### III.

**{¶23}** The Municipalities' assignments of error are moot. The August 1, 2017 judgment entry of the Summit County Common Pleas Court is vacated and the cause is remanded for consideration of the cross summary judgment motions as applied to the second amended complaint.

Judgment vacated
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

R. TODD HUNT, WILLIAM R. HANNA, and BRENDAN D. HEALY, Attorneys at Law, for Appellants.

MIKE DeWINE, Attorney General of Ohio, and RENATA Y. STAFF and SARAH E. PIERCE, Assistant Attorneys General, for Appellee.

JAY R. CARSON and RACHEL E. LYONS, Attorneys at Law, for Amicus Curiae, CITA-The Wireless Association.