DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Steven A. Bozsik has appealed a decision from the Wayne County Court of Common Pleas that dismissed his complaint for declaratory judgment and an order that denied his motion to vacate a journal entry. This Court affirms the denial of Appellant's motion to vacate and vacates the decision that dismissed Appellant's declaratory judgment complaint.
 I {¶ 2} In March of 2004, Plaintiff-Appellant Steven A. Bozsik filed a complaint to declare his rights for "statute visitation" of his children, B.B. and M.B. Appellant alleged that the children's guardians were denying him visitation in violation of R.C. 3109.43 and R.C. 3109.47. The trial court construed the filing as a motion for visitation and the matter was heard by a magistrate. On March 29, 2004, the magistrate made the following findings:
"2. [Appellant] was convicted of Aggravated Murder of the mother of B.B. and M.B. in the Medina County Court of Common Pleas. [Appellant] was sentenced to a term of 24 years in the Ohio Department of Corrections.
"3. Pursuant to R.C. 3109.48, the child's custodian or legal guardian must consent to the visit of a child with the parent who has been convicted of killing the child's other parent. [Appellant] does not allege in his motion that the custodians or legal guardians of the children consent to visits. In fact, [Appellant] seeks an injunction against the custodians with regard to withholding mail and seeking an order to allow telephone calls between [Appellant] and the children. Therefore, the Motion for Visitation as filed by [Appellant] should be denied. In addition, the Motion for an Injunction against the Defendants with regard to withholding mail between [Appellant] and his children and requiring the custodians to allow telephone calls between the father and the children should be denied.
"4. So long as [Appellant] remains a convicted murderer of the children's mother, any Motion for Visitation and Injunctive Relief against the custodians should be denied."
After the magistrate denied Appellant's motion, the trial court independently reviewed the matter, including the findings and decision of the magistrate, and denied Appellant's motion. Appellant did not appeal the decision of the trial court denying his motion for visitation.
 {¶ 3} In August 2004, after the trial court had denied his motion for visitation under R.C. 3109.47, Appellant filed a complaint for declaratory judgment with the trial court alleging R.C. 3109.48 was unconstitutional. Appellant's complaint was not treated as a new case, but was filed under the same case number as his motion for visitation. Appellant argued that R.C. 3109.48
contradicts R.C. 3109.47 and is ambiguous and unreasonable. Specifically, Appellant alleged that R.C. 3109.48 "provides a private citizen higher authority than a court of law violating the Constitution to separation of power." On September 16, 2004, the trial court found R.C. 3109.48 constitutional and dismissed the complaint.
 {¶ 4} On September 30, 2004, Appellant filed a motion to vacate the trial court's March 29, 2004 journal entry alleging that it was null and void because the trial court lacked jurisdiction to render its decision. The trial court dismissed Appellant's motion.
 {¶ 5} Appellant has timely appealed the trial court's decision, asserting two assignments of error.[1]
 II Assignment of Error Number One
"The Trial court erred when it made a judgment in the instant case without proper jurisdiction by the state of Ohio Constitution."
 {¶ 6} In his first assignment of error, Appellant has reiterated his argument from his motion to vacate and argued that the trial court lacked jurisdiction to enter its March 29, 2004 journal entry. Specifically, Appellant has argued that the trial court erred in construing his "complaint" as a "motion" without waiting for a response from the children's guardians; and that the trial court erred when it "initiated itself as a proponent rather than an independent entity." Appellant has also argued that even if the trial court properly construed his complaint as a motion, it erred in not notifying the defendants and waiting for their response. We affirm the decision of the trial court, albeit for reasons other than those relied upon by the trial court. See Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93,96.
 {¶ 7} In his motion to vacate, which was filed six months after the decision he desired vacated, Appellant presented the same arguments currently before this Court. Accordingly, we construe his first assignment of error as a request to review the denial of his motion to vacate.
 {¶ 8} Although not cited in Appellant's motion to vacate, Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R. 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).
 {¶ 9} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 10} If the grounds for a party's relief cannot satisfy the Civ.R. 60(B) language, "the argument is one properly reserved for a direct appeal." Teamsters Local Union No. 507 v. Nasco Indus.,Inc. (Nov. 22, 2000), 9th Dist. No. 3064-M, at 4. This Court finds that Appellant's motion to vacate clearly failed to satisfy the language of Civ.R. 60(B) and therefore, his argument was "properly reserved for a direct appeal," not a motion to vacate.Teamsters Local Union No. 507, at 4. Appellant gave no Civ.R. 60(B) grounds for his motion and no explanation as to why said motion was appropriate rather than a direct appeal. We find that Appellant attempted to use his Civ.R. 60(B) motion to vacate as a substitute for a direct appeal. "It is axiomatic that Civ.R. 60(B) may not be used as a substitute for a direct appeal."Teamsters Local Union No. 507, at 5, citing Doe v. TrumbullCty. Children Services Bd. (1986), 28 Ohio St.3d 128, 131.
 {¶ 11} Based on the foregoing, this Court finds that the trial court properly denied Appellant's motion to vacate. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"The trial court erred when it declared [R.C. 3109.48] Constitutional as worded when it clearly violates the doctrine of separation of powers and appellant's equal protection of the law guaranteed by the fourteenth amendment with the united states constitution and the right to seek redress of an injury in an ohio court guaranteed by Section 16, article I of the Ohio Constitution."
 {¶ 12} In his second assignment of error, Appellant has argued that R.C. 3109.48 violates his constitutional rights. Specifically, Appellant has argued that the statute violates the separation of powers clause and his equal protection and due process rights. This Court need not address the merits of Appellant's arguments because we do not have jurisdiction to hear this assignment of error.
 {¶ 13} Appellant filed his complaint for declaratory judgment after the trial court had ruled on his initial motion/complaint for visitation. In a case such as Appellant's, after the final judgment had been entered, the trial court lacked jurisdiction to entertain any further motion or claims beyond those brought in a Civ.R. 60(B) motion. We find that the March 29, 2004 journal entry was a final, appealable order from which Appellant could either file a motion to vacate, which he did and this Court has addressed in Assignment of Error Number One, or a direct appeal, which Appellant failed to do.
 {¶ 14} This Court likens Appellant's complaint for declaratory judgment, filed after a final, appealable order was issued, to a motion for reconsideration. It is well settled that a motion for reconsideration of a final judgment is a nullity.Pitts v. Ohio Dept. of Trans. (1981), 67 Ohio St.2d 378, 379;Dunkle v. Kinsey (Oct. 17, 2001), 9th Dist. No. 20502, at 4. Any judgment entered on a motion for reconsideration is likewise a nullity. Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267;Dunkle, supra at 4. It follows that this Court has no jurisdiction to review judgments that are nullities.
 {¶ 15} We find that like a motion for reconsideration, Appellant's complaint for declaratory judgment, which was filed after a final, appealable order was issued in his case, is a nullity. Accordingly, the trial court's denial of his complaint is also a nullity and therefore, this Court has no jurisdiction to hear Appellant's assignment of error concerning his complaint for declaratory judgment.
 III {¶ 16} Appellant's first assignment of error is overruled. The order challenged in Appellant's second assignment of error, which dismissed Appellant's declaratory judgment complaint, is a nullity and without legal effect. The order denying Appellant's motion to vacate is affirmed and the order dismissing Appellant's complaint for declaratory judgment is vacated.
Judgment affirmed in part and vacated in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] This Court issued a show cause order to Appellant and the State ordering them to brief the constitutionality of R.C.3109.48. Appellant has responded and the State has "respectfully decline[d] to participate in this appeal."