[Cite as *Jose v. Jose*, 2020-Ohio-3953.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| BECKY J. JOSE | C.A. No.    29633 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHILLIP JOSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    DR 2008-05-1392 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Phillip Jose, appeals orders related to the characterization of his military disability pension benefits.

I.

{¶2}    Mr. Jose ("Husband") and Becky Jose ("Wife") divorced on November 12, 2014. With respect to the parties' assets, the trial court found that Husband "is presently retired from the Army Reserve on disability retirement for PTSD. He receives disability retirement pay of $4,600 per month which is the subject of a property division in this matter." As part of the property division, the divorce decree addressed Husband's military disability pension:

> [Husband] has a DFAS military disability retirement pension which is in payout. The marital portion of this pension is 73% of the total monthly benefit paid. [Wife's] one-half share of the marital portion of this total monthly benefit paid is 36.50%. [Wife] shall therefore receive 36.50% of [Husband's] total net monthly disability retirement paid each month commencing June 1, 2014. She shall also receive a pro-rata share of any cost of living adjustment (COLA) or any other economic improvements made to [Husband's] benefit on or after the date of his retirement. If DFAS can only pay [Wife] 36.50% of [Husband's] gross disability

retirement benefit, [Wife] shall be responsible to pay taxes on the amount she receives on an annual basis. [Husband] shall elect survivor benefit plan (SBP) coverage for [Wife], if possible.

The trial court reserved jurisdiction "to establish, maintain and enforce this order[,]" specifically noting that "[i]f necessary, the court may enforce other orders including the recharacterization of the benefits if payable under another retirement system or as spousal support, if applicable." The trial court also ordered Husband to pay spousal support for a period of fifteen months commencing June 12, 2014. The divorce decree provided that the spousal support award was "modifiable within the term upon a showing of a substantial change of circumstances by either party."

{¶3} Approximately seven months later, Wife filed a motion captioned "Ex Parte Motion to Recharacterize Pension as Permanent Spousal Support." In that motion, Wife argued that because Husband's pension consisted of disability benefits, she could not directly receive the portion of those payments assigned to her as part of the property division. Consequently, she argued that the trial court should recharacterize the proportion of Husband's pension allocated to Wife as part of the property division as permanent spousal support.

{¶4} On July 26, 2016, the magistrate issued an order recommending that the trial court grant Wife's motion. The trial court approved the magistrate's decision on the same date pursuant to Civ.R. 53(D)(4)(e)(i) and ordered Husband to pay spousal support in the amount of $1,810.77 per month "[e]ffective June 1, 2014." Husband filed timely objections, arguing, among other things, that the magistrate erred by concluding that Wife was entitled to 36.50% of his disability payment, by recharacterizing the pension aspect of the property division as spousal support, and by modifying spousal support in the absence of a substantial change in circumstances.

{¶5} On December 5, 2017, the trial court ruled on Husband's objections. The trial court concluded that the magistrate did not err by determining that spousal support was at issue because

in the divorce decree "the Court also reserved jurisdiction to make an order of spousal support if the benefits received by [Husband] were re-characterized." The trial court also noted that "[Husband] elected to waive his retirement pay so that he could receive the disability payments instead." The trial court resolved Husband's objection that Wife was not entitled to receive 36.50% of his disability payments from the Veteran's Administration ("VA") with reference to the reservation of jurisdiction in the divorce decree. The trial court concluded that Wife's inability to receive her share of the property division constituted a substantial change in circumstances. Although the order that ruled on Husband's objections did not provide an effective date for the change to spousal support, the July 26, 2016, order provided that it was effective as of June 1, 2014.

{¶6} On December 27, 2017, the trial court journalized another order that purported to amend the December 5, 2017, order nunc pro tunc by providing for a hearing to determine when the change in spousal support would be effective:

> This matter is remanded for further hearing to the Magistrate to determine what funds were already paid to [Wife] pursuant to the 2014 Divorce Decree, to determine the specific start date of the $1810.77 per month in spousal support to be paid to [Wife], to determine the specific dates that funds were already paid to [Wife], and CSEA shall conduct an audit to determine if an overpayment exists, with any overpayment to be adjusted and returned to [Husband]. The Magistrate is further instructed that the 2014 Divorce Decree provided that [Wife] was to receive $2,042 per month commencing June 1, 2014, for a period of fifteen months. [Wife] filed her Ex Parte Motion to Recharacterize Pension as Permanent Spousal Support on June 26, 2015. Any modifications or re-characterizations shall commence after the June 26, 2015 date of filing.

(Emphasis omitted.) On January 4, 2018, Husband appealed from the July 26, 2017, judgment pursuant to App.R. 4(B)(2)(c) in C.A. No. 28919. This Court issued an order requiring Husband

to file a docketing statement with a copy of the judgment that he was appealing attached. Husband did not comply, and this Court dismissed his appeal on that basis.[1]

{¶7} On July 27, 2018, Husband moved the trial court to reconsider the December 27, 2017, nunc pro tunc entry, but his motion did not address the language in that order that purported to amend the December 5, 2017, order. Instead, the motion requested the trial court to reconsider the substance of its July 26, 2016, judgment and the December 5, 2017, order that overruled his objections. The trial court denied the motion for reconsideration on August 28, 2018, noting that the "[t]he [Civil Rules] do not prescribe motions for reconsideration after a final judgment in the trial court." Husband filed another appeal in C.A. No. 29182, but he moved to dismiss that appeal based on his own assessment that the trial court's order was not final and appealable. This Court construed his motion as a motion to voluntarily dismiss the appeal under App.R. 28 and granted it as such without making a determination regarding our jurisdiction.

{¶8} On June 6, 2019, the magistrate issued an order in conformity with the purported nunc entry of December 27, 2017. In that order, the magistrate reiterated some aspects of the July 26, 2016, judgment and the December 5, 2017, order that ruled on Husband's objections. The magistrate concluded that the commencement date for spousal support was June 1, 2014, as the trial court had previously determined, and noted that according to CSEA's records, Husband had paid $80,059.40 to Wife. The trial court adopted the decision pursuant to Civ.R. 53(D)(4)(e)(i). Husband filed objections that reiterated the substance of his objections to the July 26, 2016, magistrate's decision and his July 27, 2018, motion for reconsideration.

---

[1] Although this Court also issued an order requiring the parties to address our jurisdiction, the appeal was dismissed solely because Husband failed to comply with the order that required him to file a docketing statement.

{¶9}   On December 10, 2019, the trial court overruled his objections, noting that "[Husband's] objections raise issues not adjudicated in the Magistrate's June 6, 2019 Decision that were denied in previous Court rulings in 2017 and 2018 and would not have merit if the objections were properly before the Court."  Husband filed this appeal, which he claims to be taken from (1) the trial court's December 5, 2017, order that overruled his objections to the July 26, 2016, magistrate's decision; (2) the December 27, 2017, order that purported to amend the December 5, 2017, order nunc pro tunc; (3) the August 28, 2018, order that denied his motion for reconsideration; and (4) the December 10, 2019, order that overruled his objections to the June 6, 2019, magistrate's decision.  On his notice of appeal, Husband noted that these orders "collectively are a final appealable order."

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN REQUIRING THE HUSBAND TO PAY SPOUSAL SUPPORT TO WIFE TO COMPENSATE HER FOR THE LOSS OF HER SHARE OF HUSBAND'S MILITARY RETIREMENT PENSION, WAIVED WHEN HUSBAND WAS APPROVED FOR VA DISABILITY PAYMENTS.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED IN MODIFYING SPOUSAL SUPPORT WITHOUT A FINDING OF A SIGNIFICANT CHANGE IN CIRCUMSTANCES, AND WITHOUT CONSIDERATION OF THE FACTORS IN R.C. 3105.18.

**ASSIGNMENT OF ERROR NO. 3**

IT WAS ERROR FOR THE TRIAL COURT TO MODIFY THE TERMS OF THE DECREE OF DIVORCE WITHOUT THE EXPRESS CONSENT OF THE PARTIES.

{¶10} Husband's three assignments of error argue that the trial court erred by permanently awarding spousal support to Wife after he waived his pension and began receiving disability benefits.

### The Trial Court's Orders Dated July 26, 2016; December 5, 2017; December 27, 2017; and August 28, 2018

{¶11} On July 26, 2016, the trial court adopted the magistrate's decision that granted Wife's motion to recharacterize his benefits as spousal support and ordered Husband to pay spousal support in the amount of $1,810.77 per month with an effective date of June 1, 2014. This judgment completely resolved Wife's motion, leaving nothing further to be addressed. The trial court's December 5, 2017, order adhered to the magistrate's decision in all respects relevant to the issues involved in this appeal.[2] *See generally* Civ.R. 53(D)(4)(b) ("Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."). Because the July 26, 2016, and December 7, 2017, orders were a final judgment on the matters raised in Wife's motion, the trial court's ability to modify that judgment was circumscribed by the Ohio Rules of Civil Procedure. *See West v. Geffken*, 9th Dist. Summit No. 24243, 2008-Ohio-6624, ¶ 6, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981) and *N. Shore Auto Financing, Inc. v. Valentine*, 8th Dist. Cuyahoga No. 90686, 2008-Ohio-4611, at ¶ 12. *See also Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 19.

{¶12} The trial court's December 27, 2017, order purported to amend the December 5, 2017, order nunc pro tunc pursuant to Civ.R. 60(A), which provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission

---

[2] The trial court did sustain one of Husband's objections, which noted that the magistrate incorrectly described the number of unemancipated children of the marriage, and altered its judgment accordingly.

may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." As this Court has explained, however, the scope of Civ.R. 60(A) amendments is limited:

> Courts have inherent authority to issue nunc pro tunc entries "so that the record speaks the truth," but that authority is limited "to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995). "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18. This Court has stated that "[t]he power of a court to enter nunc pro tunc orders should be exercised upon evidence which shows 'clearly and convincingly' that such former action was in fact taken." *Ohio Dept. of Commerce v. NCM Plumbing Corp.*, 9th Dist. Summit No. 21878, 2004-Ohio-4322, ¶ 19, quoting *Jacks v. Adamson*, 56 Ohio St. 397 (1897), syllabus. To support the fact that the trial court did take the action and that there was a clerical error, there needs to be "such convincing evidence as to exclude all conjecture." *Jacks* at 404.

*Hudson v. Ohio*, 9th Dist. Summit No. 28730, 2018-Ohio-2392, ¶ 19. The trial court's purported nunc pro tunc amendment changed the substance of the December 5, 2017, order by remanding the matter to the magistrate for a calculation of spousal support payments made to Wife and for the determination of an effective date for the spousal support payments—a date which was set forth unequivocally in the July 26, 2016, judgment and one to which the trial court adhered when it ruled on Husband's objections.

{¶13} The December 27, 2017, order did not correct an omission to reflect what the trial court actually decided. As the Ohio Supreme Court has explained,

> "The power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.' It 'speaks the truth' by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance."

(Emphasis omitted.) *Lester* at ¶ 19, quoting *State v. Breedlove*, 46 Ohio App.3d 78, 81 (1st. Dist.1998), quoting *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113 (1937). There is nothing in

the record that would indicate that the modification contained in the December 27, 2017, order corrects the judicial record by recording action that the trial court previously took. *See generally NCM Plumbing Corp.* at ¶ 19. Because the trial court's December 27, 2017, order attempted to modify the final judgment on Wife's spousal support motion in a manner not contemplated by the Ohio Rules of Civil Procedure, that order was void. *Witta* at ¶ 19. Consequently, it must be vacated. *See id.* at ¶ 20; *West* at ¶ 7.

{¶14} The outcome of this appeal also flows from this conclusion. It appears that Husband's position is that by remanding the matter to the magistrate for further proceedings, the December 27, 2017, order changed the nature of the July 26, 2016, and December 5, 2017, judgments from final judgments that were appealable at that time to interlocutory orders that were subject to modification in the trial court. The December 27, 2017, order was void, however, and the judgments were final appealable orders at that time. Husband did, in fact, file a timely appeal pursuant to App.R. 4(B)(2)(c), but he abandoned that appeal by failing to comply with this Court's order that required him to file a completed docketing statement with a copy of the judgments from which he appealed. This Court dismissed Husband's appeal on that basis—not, as Husband has represented, because we lacked jurisdiction. To the extent that Husband has attempted to appeal from the July 26, 2016, and December 5, 2017, judgments now, this appeal must be dismissed as untimely. *See generally* App.R. 4(A)(1); App.R. 4(B)(2)(c).

{¶15} Similarly, as the trial court recognized, Husband could not move for reconsideration of those final orders. Because "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court[,]" such motions are a nullity. *Pitts*, 67 Ohio St.2d at 379, syllabus. Any order in response to a motion for reconsideration is also a nullity. *Armbruster v. Loach*, 9th Dist. Lorain No. 05CA008851, 2006-Ohio-5049, ¶ 7, citing *Kauder v.*

*Kauder*, 38 Ohio St.2d 265, 267 (1974). This Court does not have jurisdiction to consider the merits of appeals from orders that deny a motion for reconsideration. *See Bozsik v. Burkhart*, 9th Dist. Wayne No. 04CA0072, 2005-Ohio-3794, ¶ 14. *See also Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.*, 46 Ohio St.3d 12, 17 (1989) (Douglas, J., concurring) ("[S]ince a motion for reconsideration is not recognized and, in any event, does not meet any of the prongs of R.C. 2505.02, a denial of such a motion does not present a final appealable order.").

{¶16} Husband attempted to appeal from the trial court's order that denied his motion for reconsideration, but he filed a motion to dismiss that appeal. This Court granted his motion without determining whether we had jurisdiction to consider the appeal on the merits. As noted above, however, this Court does not have jurisdiction to consider an appeal from an order that denies a motion for reconsideration. *See Bozsik* at ¶ 14. To the extent that Husband attempts to appeal from that order now, his appeal must be dismissed.

**The Trial Court's June 6, 2019, and December 10, 2019, Orders**

{¶17} It remains to consider the nature of the trial court's June 6, 2019, order and the December 10, 2019, order that overruled Husband's objections. Upon our review of the record in this case, it does not appear that those orders changed the substance of the trial court's judgment on Wife's motion. As explained above, however, Husband's arguments addressing the substance of that judgment were properly the subject of his appeal in C.A. No. 28919, which this Court dismissed when he failed to respond to an order of this Court. Husband cannot raise those arguments in the context of this appeal, but his assignments of error exclusively attempt to do so. He has not raised any arguments related to the trial court's June 6, 2019, and December 10, 2019, orders. As such, his assignments of error, to the extent that they relate to these orders, are overruled.

III.

{¶18} To the extent that Husband has attempted to appeal from the July 26, 2016, and/or December 5, 2017, orders, this appeal is untimely and is dismissed. The trial court's December 27, 2017, order is vacated. To the extent that Husband has attempted to appeal the trial court's August 28, 2018, order, this Court lacks jurisdiction, and the appeal is dismissed. To the extent that Husband has appealed from the June 6, 2019, and/or December 10, 2019, orders, his assignments of error are overruled, and the judgment of the trial court is affirmed.

> Appeal dismissed in part,
> judgment vacated in part, and
> judgment affirmed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JOHN M. DOHNER, Attorney at Law, for Appellant.

KENNETH M. CRISLIP, Attorney at Law, for Appellee.