[Cite as *Simms v. Hupp*, 2022-Ohio-1158.]

STATE OF OHIO          )
                       )ss:
COUNTY OF SUMMIT       )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

DAVID SIMMS

    Appellant

    v.

DIANA HUPP

    Appellee

C.A. No.     29823

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2021-08-2348

DECISION AND JOURNAL ENTRY

Dated: April 6, 2022

TEODOSIO, Judge.

{¶1}  Plaintiff-Appellant, David Simms ("Husband"), appeals from two judgments of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court reverses.

I.

{¶2}  Husband and Defendant-Appellee, Diana Simms ("Wife"), divorced in 2013 and executed a shared parenting plan for their two minor children.  A health insurance provision in the plan required Husband and Wife to each pay 50% of any uninsured healthcare expenses for the children.  The provision required each party to complete a form to explain the children's medical bills and to provide any necessary documentation to the other parent on a quarterly basis.  The parent in receipt of that form and information would then have fourteen days to pay his or her half of the expenses.

{¶3}  In 2019, Wife filed a motion for contempt.  Relevant to this appeal, she averred that Husband had not reimbursed her for any of the children's uninsured healthcare expenses since the

execution of the shared parenting plan. A magistrate held a hearing on her motion, as well as several additional motions the parties had filed. On February 24, 2020, the magistrate granted Wife's motion for contempt and set forth the conditions under which Husband could purge the contempt. The trial court immediately adopted and entered judgment on the magistrate's decision.

{¶4} On March 9, 2020, Husband filed objections to the magistrate's decision wherein he argued that Wife had not presented him with bills for the children's medical expenses in the manner prescribed by the shared parenting plan. Husband included in his objections a request for time to supplement his objection. Moreover, around that same time, the Covid-19 global pandemic struck, and a national emergency was declared. On March 27, 2020, the Ohio Supreme Court issued an order that tolled all time limitations and deadlines. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166 ("the Tolling Order"). The Tolling Order expressly provided that it was retroactive to March 9, 2020, the day Husband filed his objections.

{¶5} On April 13, 2020, the trial court overruled Husband's objections to the magistrate's decision based on his having failed to file either a praecipe for a transcript or a transcript of the proceedings within thirty days of filing his objections. Husband filed a motion to vacate the trial court's judgment on two separate bases. First, he argued that the Tolling Order was retroactive to the date he filed his objections to the magistrate's decision and tolled any filing deadlines related to his filing of a praecipe or transcript. Second, he argued that he had not filed a praecipe because "the issues being objected to [were] matters of law." Wife did not respond to Husband's motion to vacate. Upon review, the trial court denied the motion by way of a single-line judgment entry.

{¶6} Husband now appeals from the trial court's denial of his motion to vacate and its denial of his objections to the magistrate's decision. Husband raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

THE COURT ERRED WHEN IT DISMISSED APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION BECAUSE THE TIME DEADLINES FOR FILING A PRAECIPE AND/OR SUPPLEMENTAL OBJECTIONS WITH THE COURT HAD BEEN STAYED BY THE SUPREME COURT OF OHIO'S TOLLING ORDER[.]

{¶7} In his sole assignment of error, Husband argues that the trial court erred when it overruled his objections to the magistrate's decision on the basis that he failed to file a praecipe or a transcript within thirty days of his objections. For the following reasons, this Court sustains his assignment of error.

{¶8} Initially, we note that Husband has not set forth the standard or standards of review applicable to his assignment of error. *See* Former Loc.R. 7(B)(7). He has alleged error on the part of the trial court, but it is not entirely clear from his argument whether he seeks to challenge the trial court's decision to overrule his objections to the magistrate's decision, its decision to deny his motion to vacate, or both. Because Husband's captioned assignment of error only challenges the trial court's decision to overrule his objections, this Court will analyze his argument strictly within the framework of that decision. *See Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12 (appellant's assignment of error constitutes a "roadmap" that guides appellate review); *Diplomate Health Care, L.L.C. v. Coury*, 9th Dist. Summit No. 25181, 2011-Ohio-2767, ¶ 13 (limiting review based on appellant's failure to provide a standard of review and argument regarding the trial court's denial of certain motions).

**{¶9}** Notably, Husband did not immediately appeal from the trial court's denial of his objections to the magistrate's decision. He chose to file a motion to vacate and appealed once the trial court ruled on that motion. Ordinarily, this Court might question whether Husband's appeal is timely, as he did not immediately appeal from the trial court's denial of his objections, a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal, and a motion for reconsideration is a legal nullity.[1] *See Jose v. Jose*, 9th Dist. Summit No. 29633, 2020-Ohio-3953, ¶ 15; *Bozsik v. Burkhart*, 9th Dist. Wayne No. 04CA0072, 2005-Ohio-3794, ¶ 10. At the time Husband would have had to appeal from the trial court's judgment on his objections, however, the Tolling Order was in effect. The record reflects that Husband filed his appeal within thirty days of the expiration of the Tolling Order. Thus, his appeal from the trial court's denial of his objections to the magistrate's decision is properly before us. *See Tolling Order*, 2020-Ohio-1166. *See also State v. Bardwell-Patino*, 9th Dist. Medina No. 20CA0043-M, 2021-Ohio-2048, ¶ 15.

**{¶10}** The trial court overruled Husband's objections to the magistrate's decision because he failed to file a praecipe or transcript within thirty days of filing his objections, *see* Civ.R. 53(D)(3)(b)(iii), and therefore, failed to provide factual support for his objections. Husband argues that the trial court erred in its decision because the Tolling Order was in effect, and the trial court never journalized any orders that superseded the Tolling Order. Because Husband's appeal presents this Court with an issue of law, this Court applies a de novo standard

---

[1] Husband's motion to vacate did not cite to Civ.R. 60(B) or any of the grounds set forth therein, and the trial court denied it by way of a single-line judgment entry. As such, it is not clear whether the trial court construed the motion to vacate as a Civ.R. 60(B) motion for relief from judgment or a motion for reconsideration.

of review. *See Morey v. Campbell*, 9th Dist. Summit No. 29742, 2021-Ohio-2670, ¶ 14 (pure issues of law reviewed de novo on appeal); *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18 (trial court's action on magistrate's decision considered "with reference to the nature of the underlying matter").

{¶11} Civ.R. 53(D)(3)(b)(iii) requires a party objecting to a magistrate's decision on the basis of any factual finding to file a transcript of the evidence submitted to the magistrate or an affidavit "within thirty days after filing objections unless the court extends the time * * *." It is undisputed that Husband did not file a praecipe or transcript within thirty days of filing his objections. As Husband notes, however, the Tolling Order tolled all deadlines and time requirements set by the Ohio Rules of Civil Procedure and other rules of the Court. *See* The Tolling Order, 2020-Ohio-1166, at Sections (B)(1)(c) and Section (D). The Tolling Order went into effect the day Husband filed his objections to the magistrate's decision and was still in effect when the trial court overruled his objections. Moreover, the trial court never issued any specific order that might have superseded the Tolling Order. *See id.* at Section (G). *Compare Omobien v. Flinn*, 9th Dist. Summit No. 29841, 2021-Ohio-2096, ¶ 15-16. Because the Tolling Order tolled any requirement that Husband file a praecipe or transcript within the thirty-day deadline set forth in Civ.R. 53, we must conclude that the trial court erred when it overruled Husband's objections on the basis that he failed to file those items.

{¶12} To the extent Wife argues that Husband waived the protection of the Tolling Order by including certain arguments in his motion to vacate, this Court rejects her argument. Husband indicated in his motion to vacate that he did not file a praecipe "because the facts before the Court [were] not in dispute," "the issues being objected to [were] matters of law," and he "did not feel a

praecipe was needed." According to Wife, those statements "constituted a waiver to the privilege provided by the Tolling Order."

{¶13} Upon review, this Court cannot conclude that Husband, through statements he made in his motion to vacate, waived the protection afforded him by the Tolling Order. "Waiver is 'the intentional relinquishment or abandonment of a right[.]'" *Pietrangelo v. PolyOne Corp.*, 9th Dist. Lorain No. 21CA011734, 2021-Ohio-4239, ¶ 25, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. While waiver may be established through a person's words or acts, there must be evidence of the person's "intention and purpose to waive." *Motz v. Root*, 53 Ohio App. 375, 377 (9th Dist.1934). *See also State v. Feliciano*, 9th Dist. Lorain No. 09CA009595, 2010-Ohio-2809, ¶ 6-8 (distinguishing waiver and forfeiture). Even assuming Husband could waive the Tolling Order's provisions after the trial court had already ruled on his objections, his motion, when viewed as a whole, does not support the conclusion that he intentionally relinquished or abandoned the Tolling Order's provisions. Husband specifically argued that the Tolling Order applied, so any deadlines for the filing of his supplemental objections or a transcript had been tolled. While he also claimed the facts were not in dispute and only legal issues remained, those claims were at odds with the substance of his argument. Husband argued that the parties had reached an agreement about the children's uninsured healthcare expenses, Wife had admitted she did not comply with that agreement, and an exhibit introduced at the hearing supported his position. He specifically argued that the magistrate's order was "an abuse of discretion and [was] against the manifest weight of the evidence." Those arguments were not questions of law that could have been resolved without regard to the facts. While it appears Husband may have misunderstood the evidence that would be required to support his objections, there is no indication in the record that Husband intentionally relinquished any protections afforded him by the Tolling

Order. *See Pietrangelo* at ¶ 25, quoting *Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23. For the foregoing reasons, Husband's sole assignment of error is sustained.

III.

**{¶14}** Husband's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

RONALD T. GATTS, Attorney at Law, for Appellant.

LEE M. GROSSCUP, Attorney at Law, for Appellee.