[Cite as *Mullinix v. Mullinix*, 2023-Ohio-3696.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Logan E. Mullinix, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-466 |
| v. | : | (C.P.C. No. 17DR-399) |
| Pamela R. Mullinix, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 10, 2023

**On brief:** *Logan E. Mullinix*, pro se.

**On brief:** *Marc Fagin*, for appellant.

ON APPLICATION FOR RECONSIDERATION AND
EN BANC CONSIDERATION

PER CURIAM.

{¶ 1} On September 12, 2023, appellant filed a motion to dismiss this appeal on jurisdictional grounds. Accordingly, we granted appellant's motion to dismiss that same day, treating the motion as a motion to voluntarily dismiss her own appeal. On September 12, 2023, appellant moved to reinstate her appeal, arguing that we should not have treated her motion to dismiss as a motion to voluntarily dismiss, but should have addressed the jurisdictional issue raised therein. On September 20, 2023, we denied appellant's motion to reinstate this appeal, stating "[t]he appellate rules do not provide a procedure by which an **appellant** may have their appeal dismissed on a jurisdictional basis other [than] by allowing the case to proceed to briefing and determination. *See Jose v. Jose*, 9th Dist. No. C.A. 29633, 2020-Ohio-3953, ¶ 7. When an **appellant** moves to dismiss their own appeal, that dismissal is voluntary by definition." (Emphasis added.)

{¶ 2} On September 22, 2023, appellant filed an application for reconsideration and a first supplement thereto challenging this court's judgment entries dismissing this appeal and denying her motion to reinstate this appeal. On September 22, 2023, appellant also filed an application for en banc consideration of our judgment entry denying her motion to reinstate this appeal. On October 2, 2023, appellant filed a second supplement to her application for reconsideration and a first supplement to her application for en banc consideration.

{¶ 3} In her application for en banc consideration and first supplement thereto, appellant argues the holding in our September 20, 2023 entry denying her motion to reinstate this appeal is in conflict with this court's holding in *Miami Univ. v. State Emp. Relations Bd.,* 66 Ohio App.3d 251 (10th Dist.1990). In *Miami Univ.*, this court ordered the parties to show cause why the appeal should not be dismissed for lack of a final appealable order. Following submission of the parties' pleadings in response to the show cause order and the filing of a motion to dismiss by the appellee, this court determined it had jurisdiction and denied the appellee's motion to dismiss. Appellant argues *Miami Univ.* conflicts with our denial of appellant's motion to reinstate because it demonstrates that the court has "the authority by means of a 'show cause' order to determine its jurisdiction before the appellate briefs are submitted," contrary to our judgment in this case. (Sept. 22, 2023 Application for En Banc Consideration at 3.) Appellant is mistaken.

{¶ 4} In granting appellant's motion to dismiss this appeal, we did **not** hold that this court lacked the authority to determine jurisdiction prior to briefing. Rather, as noted above, our entry states that "[t]he appellate rules do not provide a procedure by which an **appellant** may have their appeal dismissed on a jurisdictional basis other [than] by allowing the case to proceed to briefing and determination." (Emphasis sic.)

{¶ 5} In *Miami Univ.,* **the appellant** did not file a motion to dismiss the appeal for lack of jurisdiction. Rather, the court sua sponte raised the issue of jurisdiction and ordered the parties to brief the issue. The parties did so, and the *appellee* filed a motion to dismiss the appeal, which this court ultimately denied. Given the different procedural postures and holdings in *Miami Univ.* and the appeal herein, the three-judge panel that decided the September 20, 2023 judgment denying appellant's motion to reinstate unanimously finds there is no conflict between our entry denying appellant's motion to

reinstate this appeal and this court's decision in *Miami Univ*. Accordingly, appellant's motion for en banc consideration and first supplement to that application are denied. *See* Loc.R. 15.

**{¶ 6}** In her application for reconsideration and two supplements thereto, appellant takes issues with our statement that "the appellate rules do not provide a procedure by which an **appellant** may have their appeal dismissed on a jurisdictional basis other [than] by allowing the case to proceed to briefing and determination." (Emphasis sic.) Specifically, appellant argues this court lacked the authority to "convert" her motion to dismiss for lack of jurisdiction into a motion to voluntarily dismiss her appeal.

**{¶ 7}** Initially, we take issue with appellant's characterization of our action. We did not convert appellant's motion to dismiss. As our September 20, 2023 entry indicates, "when an appellant moves to dismiss their own appeal, that dismissal is voluntary by definition."

**{¶ 8}** More importantly, we disagree with appellant concerning our authority to grant appellant's motion to dismiss without addressing her jurisdictional claim. *See Jose* at ¶ 7. It is the appellant's obligation to determine in the first instance whether there is a final appealable order. In those rare cases in which the appellant believes the order is not final, but the law is sufficiently unclear as to make the filing of a protective notice of appeal necessary, and an opposing party does not move to dismiss on jurisdictional grounds, the appellant must wait to have the jurisdictional issue decided when the case is submitted on the merits.[1] To hold otherwise would open the door to the filing of appeals for the sole purpose of obtaining advisory opinions on appellate jurisdiction.

**{¶ 9}** In short, appellant's application for reconsideration and two supplements to that application point to no obvious error or issue that was not considered in the court's previous entries, but simply reargue and expand on arguments already considered and rejected by this court. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1982). Nonetheless, because it appears that appellant's counsel did not understand that filing a

---

[1] A jurisdictional ruling may also be obtained prior to briefing where an opposing party files a motion to dismiss. And, of course, a court may sua sponte dismiss an appeal on jurisdictional grounds at any time. *See In re Harris*, 8th Dist. No. 78798, 2001 Ohio App. LEXIS 4342. However, when an appellant (here through counsel) files a notice of appeal, then in short order, the *appellant* moves for dismissal of that appeal (prior to record transmission and any briefing of alleged error), this court is not *required* to address the appellant's reasoning for seeking dismissal and may instead simply grant the motion to dismiss.

motion to dismiss his client's own appeal would be granted, irrespective of the grounds set forth therein, we, in the interest of justice, grant appellant's motion for reconsideration and and two supplements to that application and reinstate this appeal. To the extent appellant wishes to raise the jurisdictional issue, she may do so in her merit brief.

*Application for en banc consideration and supplement thereto denied*;
*Application for reconsideration and supplements thereto granted*;
*Appeal reinstated*.

BEATTY BLUNT, P.J., BOGGS, and MENTEL, J., concur.

————————————