[Cite as *Fernando v. Fernando*, 2020-Ohio-7008.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Champa Fernando, | : | |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | No. 19AP-448 |
| | : | (C.P.C. No. 15DR-0450) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Shanaka Fernando, | : | |
| Defendant-Appellee/<br>Cross-Appellant. | : | |

D E C I S I O N

Rendered on December 31, 2020

**On brief:** *Petroff Law Offices, LLC, Ronald R. Petroff*, and *Christopher L. Trolinger*, for appellant/cross-appellee. **Argued:** *Christopher L. Trolinger.*

**On brief:** *Atkins and Atkins, Attorneys at Law, Arianna Atkins,* and *Jacqueline Baumann*, for appellee/cross-appellant. **Argued:** *Jacqueline Baumann.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BRUNNER, J.,

{¶ 1} Plaintiff-appellant/cross-appellee, Champa Fernando, appeals a decision issued on June 17, 2019 by the Franklin County Court of Common Pleas, Division of Domestic Relations, after a remand from this Court in *Fernando v. Fernando*, 10th Dist. No. 16AP-788, 2017-Ohio-9323 ("*Fernando I*"). The decision now on appeal amends a divorce decree originally entered on October 19, 2016 in an attempt to bring it into compliance with law and address certain problems identified in our decision in *Fernando I*. For the reasons that follow, we affirm in part and reverse in part the trial court's decision on remand and remand again for further proceedings.

{¶ 2}   Additionally, defendant-appellee/cross-appellant, Shanaka Fernando, cross-appeals the trial court's June 17, 2019 decision.  For the following reasons, we reverse the trial court's decision on remand and remand again for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}   In *Fernando I,* we reviewed the full history of this case from Champa Fernando's filing of the complaint on February 10, 2015 to the trial court's issuance of the divorce decree on October 19, 2016.  The parties had submitted agreed joint stipulations, which included a stipulation that, in addition to the marital residence located in Dublin, Ohio, they were joint owners of five properties in Sri Lanka.  The current appeal and cross-appeal raise issues only as to (1) the parties' Sri Lankan rental property referred to as the "Colombo building," and (2) the necessity of updating payment deadlines and methods set forth in the divorce decree, as those deadlines have expired.

{¶ 4}   The parties' divorce proceedings concluded with a four-day trial which ended on March 15, 2016.  On October 19, 2016, the trial court entered judgment granting a final decree of divorce.  In the divorce decree, the trial court held that the duration of the marriage was from January 6, 1996 until the date on which the divorce decree was filed; i.e., October 19, 2016.  The divorce decree provided that the Colombo building was marital property, and each of the parties was entitled to one-half of the equity in that structure.  The decree also provided for the division of the parties' other assets and accounts and for custody of the parties three children.

{¶ 5}   Shanaka Fernando appealed the trial court's October 19, 2016 judgment, raising the following six assignments of error for review by this Court:

> [I.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion by determining the parties' de facto termination of marriage date was after the date of the final hearing.
>
> [II.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion by failing to make an equitable division of martial property when it excluded the value of the cars in the property division.
>
> [III.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion by failing to make an equitable division of martial property when the court chose an arbitrary amount in determining the value of the Colombo property.

[IV.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion in determining the amount of rental income received by [Champa Fernando] for purposes of property division.

[V.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion in including the proceeds of the Ja-Ela property in the division of property which resulted in an inequitable division of property.

[VI.] The lower court in its Judgment Entry Decree of Divorce erred and abused its discretion in determining that the land located on the Colombo property was [Champa Fernando's] separate property.

*Fernando I* at ¶ 4.

{¶ 6} Champa Fernando did not file an appeal or cross-appeal from the trial court's October 19, 2016 judgment.

{¶ 7} On December 29, 2017, this Court issued its decision sustaining Shanaka Fernando's first, third, and fourth assignments of error and overruling his second, fifth, and sixth assignments of error.

{¶ 8} As to the first assignment of error, this Court concluded the trial court had abused its discretion by holding the parties' marriage terminated as of the date of the final judgment entry, rather than the date of the final hearing, because the decision failed to set forth any reasoning process or determining principle to support the court's rejection of the statutory presumption under R.C. 3105.171(A)(2)(a) and effective use of an alternate marriage termination date for purposes of property valuation.

{¶ 9} With respect to the third assignment of error, this Court concluded the trial court had relied, without explanation or justification, on a 2011 appraisal of the Colombo building instead of a 2015 appraisal to set the value of the building for purposes of division of the marital property. Our decision specifically observed that, "[o]n remand, the trial court could provide a rational evidentiary basis for relying on the 2011 appraisal or consider the 2015 appraisal if it determined the same to be a rational evidentiary basis for the value of the [property at issue]." *Fernando I* at ¶ 29.

{¶ 10} Finally, as to the fourth assignment of error, we found the trial court's decision failed to set forth the basis for its finding that Champa Fernando had received rental income from the Colombo building that was less than one-half of the amount she had

attested to at trial. Consequently, there did not appear to be any competent, credible evidence in the record to support the trial court's determination of Shanaka Fernando's rental income from the Colombo building. *Id.* at ¶ 33.

{¶ 11} This Court remanded the matter to the trial court for further proceedings consistent with law and the decision. *Id.* at ¶ 45.

{¶ 12} On May 15, 2019, the parties met with the trial court for a status conference, at which time they entered stipulations on several matters. On June 17, 2019, the trial court issued a decision and entry on remand. The decision incorporates the following five stipulations of the parties:

> 1. The total rental income received by [Champa Fernando] from the Colombo [building] through March 31, 2016 was $55,769.00.
>
> 2. The attached "Exhibit A" is an accurate reflection of the lease terms and rent received for the Colombo [building] during the Parties' marriage.
>
> 3. It is a disputed fact whether [Shanaka Fernando] received rental income for his Sri Lankan properties. The amount of the income is unknown.
>
> 4. [Champa Fernando] spent $4,000.00 of her rental income on repairs and maintenance for the rental property ("Colombo [building]").
>
> 5. The duration of the marriage is January 6, 1996 through March 4, 2016.

(Jun. 17, 2019 Decision and Entry at 1-2.)

{¶ 13} The trial court's decision separately addressed each of the three assignments of error for which the parties' case was remanded. With respect to the first assignment of error (that the trial court had abused its discretion by determining the parties' de facto termination of marriage date was after the date of the final hearing), the trial court accepted the parties' joint stipulation that the marriage had terminated on March 4, 2016.

{¶ 14} With respect to the third assignment of error (that the trial court had abused its discretion by failing to provide a rational evidentiary basis for relying on the 2011 appraisal to set the value of the Colombo building for purposes of division of marital property), the trial court found on remand that the 2015 appraisal was the proper appraisal

for use in this matter. The trial court found the value of the Colombo building to be $156,203.51. In its decision on remand, the trial court ordered Champa Fernando to pay Shanaka Fernando $78,101.78 as his marital portion of the value of the Colombo building.

{¶ 15} As to the fourth assignment of error (that the trial court abused its discretion in determining how much rental income Champa Fernando received from the Colombo building), the trial court found Champa Fernando had received rental income in the stipulated amount of $55,769.00 for the period of August 2010 through March 2016. The trial court further found that the rental income received from the Colombo property was marital property. The trial court determined it was equitable to reduce Shanaka Fernando's portion of the rental income by $20,000.00, in two separate amounts of $10,000.00. The trial court awarded Shanaka Fernando one-half of reduced rental income amount of $35,769.00 and ordered Champa Fernando to pay him "$17,884.50 as his share of the rental income received for the period of August of 2010 through March of 2016." (June 17, 2019 Decision and Entry at 6.)

{¶ 16} Champa Fernando now appeals, and Shanaka Fernando now cross-appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 17} Champa Fernando presents for our review seven assignments of error:

[1.] ON REMAND, THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT THE RENTAL INCOME RECEIVED FROM THE COLOMBO [BUILDING] WAS MARITAL PROPERTY SUBJECT TO ALLOCATION AND DIVISION WHEN IT WAS PARTIALLY DERIVED FROM A MARITAL ASSET AND THERE WAS NO EVIDENCE THAT THE INCOME RECEIVED DURING THE MARRIAGE EXISTED AS OF THE DATE OF THE DIVORCE.

[2.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO DEDUCT THE STIPULATED $4,000 OF REPAIRS AND MAINTENANCE FOR THE COLOMBO [BUILDING] FROM THE RENTAL INCOME RECEIVED.

[3.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING [CHAMPA FERNANDO] TO PAY A PORTION OF RENTAL INCOME RECEIVED AFTER THE TERMINATION DATE OF THE PARTIES MARRIAGE.

[4.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN UTILIZING THE 2015 APPRAISAL WITHOUT PROVIDING A RATIONAL EVIDENTIARY BASIS FOR THE VALUE OF THE COLOMBO [BUILDING].

[5.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN UTILIZING THE 2015 APPRAISAL DESPITE THE SAME NOT BEING SUPPORTED BY THE EVIDENCE AND FACTS IN THE RECORD.

[6.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FASHIONING AN INEQUITABLE DISTRIBUTION OF PROPERTY.

[7.] ON REMAND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO AMEND THE OCTOBER 19, 2016 JUDGMENT TO PROVIDE A TOTAL PROPERTY DISTRIBUTION CONSISTENT WITH THE DECISION AND ENTRY ON REMAND AND FOR UPDATED PAYMENT DEADLINES AND METHODS AS SUCH CONTAINED IN JUDGMENT ENTRY – DECREE OF DIVORCE HAD EXPIRED.

(Sic passim.)

## III. CROSS-APPEAL

{¶ 18} Shanaka Fernando's cross-appeal presents a single assignment of error:

The lower court in its June 17, 2019 Decision and Entry on Remand erred and abused its discretion by reducing the Colombo [Building]'s rental by $20,000.

## IV. LAW AND DISCUSSION: APPEAL OF CHAMPA FERNANDO

### A. Standard of Review

{¶ 19} A domestic relations court enjoys broad discretion in fashioning a division of marital property, and its decision should not generally be reversed absent an abuse of that discretion. *See Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95 (1988). A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131 (1989). However, this court has frequently remarked that " 'no court has the authority, within its discretion, to commit an error of law.' " *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 18, quoting *State v. Akbari*, 10th

Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 20} Shanaka Fernando urges this Court to overrule Champa Fernando's first, second, fourth, fifth, and sixth assignments of error on the basis that they are barred by the doctrine of res judicata.  He relies on this Court's holding in *In re Estate of Barnett-Clardy*, 10th Dist. No. 08AP-386, 2008-Ohio-6126, ¶ 15, quoting in his brief the language of the decision:

> " 'Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.' " *State v. Hutton*, 2003 Ohio 5607 (2003), quoting *State v. D'Ambrosio*, 1995 Ohio 129 (1995).  "Application of the doctrine of res judicata in this instance prevents endless litigation of an issue on which a party has already received a full and fair opportunity to be heard." *In re Estate of Barnett-Clardy*, citing *State v Saxon*, 2006 Ohio 1245 (2006).

(Shanaka Fernando Answer Brief at 14-15.)  We note, however, that his Answer Brief omits the first sentence of paragraph 15 of the decision.  The omitted sentence indicates that the doctrine of res judicata was directed to the appellant in that action who was asserting for the first time certain arguments she had failed to assert in her preceding cross-claim in the same action.

{¶ 21} Champa Fernando argues that res judicata is inapplicable to her appeal, stating:

> Res judicata only applies where a separate and subsequent second action/lawsuit is brought after a final judicial determination in a first action/law suit [sic]. Therefore, res judicata cannot apply to this matter as this is the same action/lawsuit albeit a second appeal in the same manner. The trial court entered its decision in October 2016, then the first appeal occurred. The decision of this court was not a final decision until the trial court effectuated the mandate of this court on remand.  It is from that remand decision that this

(Reply Brief of Champa Fernando at 1.)  Champa Fernando also noted this Court's decision in *Klaus v. Klosterman*, 10th Dist. No. 16AP-273, 2016-Ohio-8349, which discussed the differences between the doctrine of law of the case and res judicata.

{¶ 22} In *Klaus*, this Court summarized the doctrines of law of the case, estoppel, and res judicata. With respect to law of the case and res judicata, we first stated regarding law of the case:

> 1. Law of the Case
>
> The doctrine of law of the case was summarized by the Supreme Court of Ohio in [*Nolan v. Nolan,* 11 Ohio St.3d 1 (1984)]:
>
> [T]he [law of the case] doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 730, 3 Ohio Law Abs. 10, 146 N.E. 291, reversed on other grounds *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio St. 101, 196 N.E. 888.

*Klaus* at ¶ 14.

{¶ 23} In *Klaus*, we also explained res judicata and estoppel thus:

> 2. Res Judicata/Estoppel
>
> The doctrines of res judicata and estoppel have been summarized in several cases. In *Natl. Amusements v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), the Supreme Court stated:
>
> It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." (Emphasis added.) *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388. "[W]here a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." *Covington & Cincinnati Bridge Co. v. Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus.

*Klaus* at ¶ 16.

{¶ 24} In light of these well-established precedents, we find that the doctrine of res judicata is inapplicable to Champa Fernando's appeal. Rather, her appeal is subject to the doctrine of the law of the case, which provides that issues decided directly or by

implication in a prior decision are binding in further facets of the same case. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984).

{¶ 25} With these principles in mind, we analyze the trial court's findings on remand relative to Champa Fernando's assignments of error.

## B. Discussion

### 1. Rental income from Colombo building

{¶ 26} We address together Champa Fernando's first, second, and third assignments of error, which relate to the trial court's findings regarding the rental income from the Colombo building.

{¶ 27} In her first assignment of error, Champa Fernando asserts the trial court erred on remand in finding that the rental income she received from the Colombo building during the marriage was marital property subject to allocation and division because (1) the asset did not exist at the time of trial, (2) the rental income was used for the benefits of the parties during the marriage, and (3) the trial court failed to provide any equitable reasoning for dividing the nonexistent asset.

{¶ 28} Based on the record before us, we disagree. In the divorce decree, the trial court found that Champa Fernando had received $28,333.33 in rental income from the Colombo building from August 2010 through March 2016, that the rental income was marital property subject to allocation and division, and that Shanaka Fernando was entitled to one-half of that income. *Fernando I* at ¶ 33. Champa Fernando did not appeal any of those findings. In *Fernando I*, this Court found that the trial court had abused its discretion only as to its determination of the amount of rental income Champa Fernando had received, which was less than half the $60,000.00 she testified to receiving. *Fernando I* at ¶ 33. We did not disturb the trial court's findings that the rental income was marital property subject to allocation and division and that Shanaka Fernando was entitled to one-half of those proceeds. Consequently, the law of the case bars Champa Fernando from raising this issue on appeal.

{¶ 29} Having independently reviewed the record and briefs and listened to oral arguments, we find that the trial court did not abuse its discretion by determining that the rental income received from the Colombo building was marital property subject to allocation and division.

{¶ 30} Champa Fernando's first assignment of error is overruled.

{¶ 31} In her second assignment of error, Champa Fernando asserts the trial court erred on remand by failing to deduct the stipulated $4,000 of repairs and maintenance for the Colombo building from the rental income received.

{¶ 32} This assignment of error is not well-taken for the same reason as her first assignment of error. The property settlement provision in section 10 of the divorce decree set forth the trial court's accounting for the allocation and distribution of the parties' assets, including a 50/50 distribution of the equity in the Colombo building and the rental income from the Colombo building. The divorce decree does not contain any reference to the $4,000 Champa Fernando now asserts she paid for repairs and maintenance at the Colombo building, and she did not appeal that omission. Consequently, nothing in our decision in *Fernando I* addressed this issue, much less remanded it to the trial court. The law of the case bars Champa Fernando from raising this issue on appeal now.

{¶ 33} Champa Fernando's second assignment of error is overruled.

{¶ 34} In her third assignment of error, Champa Fernando asserts the trial court erred by identifying income received after the date of divorce as marital property.

{¶ 35} The property settlement provision in section 10 of the divorce decree reflects that Champa Fernando received rental income from the Colombo building "from August 2010 *to* March 2016." (Emphasis added.) (Oct. 16, 2016 Jgmt. Entry at 16.) The decision and entry on remand sets forth two of the stipulations the parties entered into on May 15, 2019. Stipulation 1 provided that the total rental income Champa Fernando received from the Colombo building "*through* March 31, 2016 was $55,769.00" (Emphasis added.) *Id.* at 1. Stipulation 5 provided that "[t]he duration of the marriage is January 6, 1996 to March 4, 2016." *Id.* at 2. Champa Fernando could have crafted the stipulation to cut off the rental proceeds to be distributed as of March 4, 2016. Nothing in the record before us indicates that she did so or that she provided the trial court with anything to document what, if any, rental income was received from March 5, 2016 through March 31, 2016 and was exclusively hers. Therefore, we find the trial court did not abuse its discretion on remand by distributing rental proceeds received through March 31, 2016.

{¶ 36} Champa Fernando's third assignment of error is overruled.

**2. Valuation of the Colombo property**

{¶ 37} We turn next to Champa Fernando's fourth and fifth assignments of error, both of which relate to the trial court's determination of the value of the Colombo building.

{¶ 38} She asserts in her fourth assignment of error that the trial court erred on remand by arbitrarily utilizing the 2015 appraisal without providing any rational basis for using it. We disagree.

{¶ 39} As we affirmed in *Fernando I*, a trial court must have a rational evidentiary basis for assigning value to marital property. *Fernando I* at ¶ 29. We noted that the trial had relied on the 2011 appraisal, rather than the 2015 appraisal, "without explanation or justification." *Id.* We instructed the trial court that it either had to "provide a rational evidentiary basis for relying on" the older appraisal from 2011 or that it could "consider the 2015 appraisal if it determines the same to be a rational evidentiary basis for the value" of the building. *Id.* Today, we confirm that using a proffered 2016 appraisal was not an option. *Id.* at ¶ 43.

{¶ 40} In its decision and entry on remand, the trial court elected to follow our instruction by using the 2015 appraisal, thus signaling that it finds that later valuation to provide "a rational evidentiary basis" for determining value. There is no reason to assume that the trial court deviated in this regard from what we told it to do. *Compare, e.g., Tonti v. East Bank Condos, LLC*, 10th Dist. No. 07AP-388, 2007-Ohio-6779, ¶ 26 (absent contrary indications, trial court is presumed to follow the law). And an appraisal on its face generally would seem to provide some "rational evidentiary basis" for establishing value. Here, furthermore, the trial court explained why it used the more recent appraisal as opposed to one four years older: it found the older one somewhat outdated given (unquantified) increases in value over time. June 17, 2019 Decision and Entry at 2.

{¶ 41} Accordingly, Champa Fernando's fourth assignment of error is overruled.

{¶ 42} In her fifth assignment of error, Champa Fernando asserts the trial court erred and abused its discretion on remand by utilizing the 2015 appraisal despite its use not being supported by the evidence in the record. Moreover, she argues that an appraisal she procured in 2016 should be utilized to determine the value of the Colombo building.

{¶ 43} We disagree, finding that this assignment of error is barred by the law of the case. The divorce decree reflects that the trial court considered, and discarded, the idea of

using the 2016 appraisal to determine the value of the Colombo building. Champa Fernando did not appeal that decision. Therefore, she is barred from raising it now.

{¶ 44} Accordingly, Champa Fernando's fifth assignment of error is overruled.

### 3. Property distribution – R.C. 3105.171

{¶ 45} We turn next to Champa Fernando's sixth assignment of error, in which she argues that the trial court erred and abused its discretion by fashioning an inequitable property distribution contrary to R.C. 3105.171.

{¶ 46} For the reasons discussed previously, her argument is barred by the law of the case. The issues she raises now she could have raised when the trial court issued the divorce decree.

{¶ 47} Champa Fernando's sixth assignment of error is overruled.

### 4. Updated terms, conditions, and deadlines

{¶ 48} Finally, we address Champa Fernando's seventh assignment of error. She asserts the trial court erred in failing to update and provide payment terms, conditions, and deadlines to make the distribution payment when the original dates contained in the October 19, 2016 judgment entry granting the final divorce decree have lapsed. Shanaka Fernando concurs in this assertion. We agree with the parties.

{¶ 49} Champa Fernando's seventh assignment of error is sustained.

## V. LAW AND DISCUSSION: CROSS-APPEAL OF SHANAKA FERNANDO

### A. Assignment of Error

{¶ 50} In his sole assignment of error, Shanaka Fernando asserts the trial court erred and abused its discretion on remand by reducing his share of the Colombo building's rental income by $20,000.

### B. Discussion

{¶ 51} As discussed previously, the trial court on remand determined the amount of rental income derived from the Colombo building for the period of August 2010 through March 2016 was $55,769, based on the testimony adduced at trial and the parties' stipulations entered into on May 15, 2019. However, the trial court then "reviewed the file and the record in determining what is equitable," presumably with respect to the allocation of the rental income. (June 17, 2019 Decision and Entry at 4.) Among the records the trial

court reviewed were the parties' 2015 affidavits of income and expenses and agreed orders regarding child support. *Id.* at 3-4. The trial court wrote in pertinent part as follows:

> The Parties were providing for three children, paying the equity line of credit, paying for expenses related to transportation, food and other necessities on [Shanaka Fernando's] income. The Parties['] oldest child was eighteen (18) on April 20, 2015. Based upon the Court's common knowledge, expenses for the high school graduation had to be met, as well as[ ] any expenses for college enrollment, etc.

*Id.* at 4-5.

{¶ 52} The trial court proceeded to reduce the rental income by two separate amounts of $10,000, reducing the rental income subject to division from $55,769 to $35,769. The trial court based the first $10,000 deduction on what the trial court perceived were the parties' circumstances in 2010 and the second $10,000 deduction on their circumstances in 2014.

{¶ 53} The trial court found the rental income to be marital property. As we noted in *Fernando I*, R.C. 3105.171(C)(1) provides that marital property shall be divided evenly, unless an equal division would be inequitable, in which case the property shall be divided in the manner the court determines equitable. The trial court must value the marital property to determine an appropriate division. *Fernando I* at ¶ 25. We review a trial court's determination of the value of marital property for abuse of discretion. *Id.* "Although a trial court enjoys broad discretion in determining the value of a marital asset, such discretion is not without limit. An appellate court's duty is not to require the adoption of any particular method of valuation, but to determine whether, based upon all the relevant facts and circumstances, the court abused its discretion in arriving at a value." *Apps v. Apps*, 10th Dist. No. 02AP-1072, 2003-Ohio-7154, ¶ 38, citing *James v. James*, 101 Ohio App.3d 668, 681 (2d Dist.1995). "A trial court must have a rational evidentiary basis for assigning value to marital property." *Id.*, citing *McCoy v. McCoy*, 91 Ohio App.3d 570, 576-78 (8th Dist.1993). *See also Dach v. Homewood*, 10th Dist. No. 14AP-502, 2015-Ohio-4191, ¶ 36 ("[A] domestic court has broad discretion to make divisions of property and if there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.").

### 1. Reduction for calendar year 2010

{¶ 54} The trial court subtracted $10,000 from the rental income based on Champa Fernando's circumstance in calendar year 2010, based on its stated reasons:

> The [trial] [c]ourt heard testimony that rent received in 2010 went into a joint marital account. (Nov. 26, 2016 Tr. 105). [Champa Fernando] testified that she and [Shanaka Fernando] were each paying one-half of the living expenses for the household. [Shanaka Fernando] testified that his income was also deposited into the marital account until 2011. Both Parties had access to the funds in the joint marital account. The Court finds that the rental income was martial property received during the marriage for the benefit of both parties. There was no testimony that any of the rental income [Champa Fernando] received remained in her custody and control at the time of trial. The Court will subtract $10,000.00 from the total rental income of $55,769.00 received. The Court finds that the rental income went into the joint marital account from which the Parties [paid] marital bills, the children's expenses, and charitable contributions were given. The Court finds that it [is] equitable to reduce the total rental income of $55,769.00 received by $10,000.00 for the year of 2010.

(June 17, 2019 Decision and Entry at 5-6.)

{¶ 55} Shanaka Fernando cross-appeals from this determination. He points to the parties' testimony that he was on the joint account into which the rental income was deposited only a few months, from approximately August 2010 until 2011, before he was removed from the account. He also had testified that he had never made withdrawals from the rental income account and that none of the rental income money had been used to pay marital expenses.

{¶ 56} Based on our independent review of the record, the parties' briefs, and what we heard from oral arguments, we find there is no competent, credible evidence to support the trial court's conclusion that the 2010 rental proceeds were used for the benefit of both parties or that the parties spent money for high school graduation or college enrollment expenses. Accordingly, the trial court erred when it subtracted $10,000 from the rental income for calendar year 2010.

### 2. Reduction for Calendar Year 2014

{¶ 57} The trial court subtracted another $10,000 from the rental income based on Champa Fernando's circumstances in 2014 for the following stated reasons:

> The Court finds that ten thousand (10,000.00) dollars is a nominal amount of rental income considering [Champa Fernando] was unemployed in January of 2014 and did not begin to receive child support until the Parties reached an agreement for [Shanaka Fernando] to pay child support. The child support order became effective July 1, 2015. Also, the retroactive child support award was not agreed to until March of 2016. * * * [Champa Fernando] was receiving unemployment as well in 2014.
>
> * * *
>
> Further, [Champa Fernando] can show that her income decreased in 2014. * * * The Parties were equally dividing marital living expenses. The Court finds that the rental income was marital property received during the marriage for the benefit of both parties. The Parties had three (3) minor children that were in the home. Again, there is no testimony that any of the rental income remained in [Champa Fernando's] custody and/or control at the time of trial. It is equitable for the Court to subtract $10,000.00 from the total rental income received in 2014 when she was unemployed. The Court finds that the rental income was used for the benefit of both parties. The Court finds that [it] is equitable to reduce the total rental income received of $55,769.00 by $10,000.00 for the year of 2014.

(June 17, 2019 Decision and Entry at 5-6.)

{¶ 58} Shanaka Fernando cross-appeals from this determination, arguing that there is nothing in the evidentiary record that supports the trial court's decision. He asserts that Champa Fernando had testified at trial that the parties had contributed equally to the marital home when they both worked but that stopped after she lost her job in January 2014. He asserts she also testified that they maintained separate bank accounts and that if she did not have enough money from her unemployment compensation, she took money from the equity line that she acknowledged Shanaka Fernando was paying into. He argues that her testimony indicates that the marital bills were not divided equally during Champa Fernando's period of unemployment. He also states that he had testified at trial that he had not received any of the rental income.

{¶ 59} Shanaka Fernando argues further that the trial court's decision assumed facts not in evidence. He asserts there is no evidence in the record that the parties were dividing expenses equally in 2014 or that he was not contributing financially to Champa Fernando's

expenses before February 2015. He also asserts there is no evidence in the record that the parties spent money for high school graduation or college enrollment expenses. He argues the trial court's decision and entry on remand does not reflect what actually happened and, therefore, is an abuse of discretion.

{¶ 60} Based on our independent review of the record, the parties' briefs, and what we heard from oral arguments, we find there is no competent, credible evidence to support the trial court's conclusion that the 2014 rental proceeds were used for the benefit of both parties or that the parties spent money for high school graduation or college enrollment expenses. Accordingly, the trial court erred by subtracting another $10,000 from the rental income for calendar year 2014. We, therefore, sustain Shanaka Fernando's sole assignment of error.

## VI. CONCLUSION

{¶ 61} For the foregoing reasons, having independently reviewed the record and briefs and listened to oral arguments, we sustain Champa Fernando's seventh assignment of error and overrule her first, second, third, fourth, fifth, and sixth assignments of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand the matter for further proceedings consistent with this decision.

{¶ 62} Additionally, we sustain Shanaka Fernando's sole assignment of error on cross-appeal and remand the matter for further proceedings consistent with this decision.

*Judgment affirmed in part, reversed in part;*
*cause remanded.*


NELSON, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

_____